967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier GONZALEZ-ALVARADO, Defendant-Appellant.
 No. 91-50030.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Gonzalez-Alvarado appeals from his sentence, imposed following a guilty plea, for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Gonzalez-Alvarado contends that the district court erred by not adjusting his offense level under the United States Sentencing Guidelines (Guidelines) for minimal participation in the offense. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Whether a defendant is a minor or minimal participant in the offense is a factual determination which we review for clear error. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 4
 A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment. (n. 1), and the downward adjustment for minimal participation is to be used infrequently, id., comment. (n. 2). "[A] defendant may be a courier without being either a minimal or a minor participant.... [and] we have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." Lui, 941 F.2d at 849; see also U.S.S.G. § 3B1.2, comment. (n. 2) (noting that minimal participation adjustment would be appropriate for a courier whose single smuggling transaction involved a small amount of drugs). The district court is not obligated to accept the defendant's self-serving account of his role in the offense in the absence of any other evidence to support his claim. Lui, 941 F.2d at 849.
 
 
 5
 Here, Gonzalez-Alvarado was arrested after border patrol officers discovered approximately 112 kilograms of marijuana in the car he was driving. Pursuant to a plea agreement, he pleaded guilty to a superceding information charging him in one count of importing 99 kilograms of marijuana, and the government dismissed an underlying indictment charging him with importation of more than 100 kilograms.[1]
 
 
 6
 The presentence report (PSR) recommended that Gonzalez-Alvarado receive a downward adjustment for acceptance of responsibility, but did not adjust the offense level for role in the offense. The PSR calculated the offense level based on 112 kilograms of marijuana and recommended a sentence of 70 months incarceration. At sentencing, the parties stipulated that the provable amount of marijuana was less than 100 kilograms, and the district court adjusted the offense level accordingly. Gonzalez-Alvarado then argued that because he was hired to drive the car across the border, his role was that of a "mule" and he was entitled to a four-level downward adjustment for minimal participation.
 
 
 7
 The district court was persuaded to sentence Gonzalez-Alvarado to 51 months incarceration, the low end of the applicable Guidelines range. It refused to grant the adjustment, however, finding that "99 kilograms is not a small amount of marijuana" (RT 11/21/90 at 10) and that no evidence established that Gonzalez-Alvarado was less culpable than other participants in the drug distribution. This finding was not clearly erroneous. See Lui, 941 F.2d at 848-49; see also U.S.S.G. § 3B1.2, comment. (n. 2).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 By pleading to the lesser amount, Gonzalez-Alvarado avoided a five-year mandatory minimum term of incarceration